[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: PAYMENT OF ALIMONY AND ARREARS
Alimony
The parties were divorced in May 1970. A Separation Agreement dated July 1969 was approved by the court and entered as an order.
The defendant is 76 years of age and resides in Costa Rica where he has lived for several years. The defendant has a 9 year old daughter who lives with him in Costa Rica.
The Agreement provided in Paragraphs 10(a), and the parties have agreed, that at such time as the defendant reached the age of 65 and retired from employment, he shall pay to the plaintiff for her support, 40% of all income derived from his retirement benefits both governmental or privately financed. CT Page 805
The defendant's only source of income is his social security check in the net amount of $527.80 per month.
At the hearing held on the plaintiff's Motion for Contempt, the court found an arrearage of unpaid alimony and child support in the amount of $110,088.28.
The plaintiff is requesting a total order of $385.37 a month (current alimony of 40% plus 55% toward the arrears) which would leave the defendant with $142.43 per month.
Under the terms of the Separation Agreement as ordered by the court, the plaintiff is entitled to 40% of the defendant's retirement benefits both governmental or privately financed. The defendant's social security benefits would fall within this purview. There is no Motion to Modify this order pending before the court and thus, the defendant's obligation for periodic alimony remains at 40% of his net income benefits.
The defendant is ordered to pay to the plaintiff as periodic alimony the sum of $211.10 per month which represents 40% of the defendant's net-after-alien-tax income.
An immediate withholding/garnishment is ordered. See42 U.S.C. § 659 and 42 U.S.C. § 662.
Arrears
The court has already made a finding of the arrears in the amount of $110,088.28 representing unpaid alimony and child support.
The court is using its discretion and is taking into account the financial circumstances of the parties as set forth in their respective sworn financial affidavits and orders that the defendant shall pay to the plaintiff, the sum of $20 per month on the arrears.
An immediate withholding/garnishment is ordered.
The court finds that under Section 42 U.S.C.A. 659(a) the social security benefits of the defendant are subject to legal process for purposes of child support or alimony payments. The 1983 Amendment to this section specifically referred to Section 407 of the Code and supersedes the prohibition set forth in42 U.S.C.A. 407(a) and Section 407(b).
Defendant's counsel raised the theory of Laches. However, there was not sufficient evidence presented to sustain the CT Page 806 defendant's burden of proof on this claim.
COPPETO, J.